NIQA    NIQA    13-6414

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cowan Systems, LLC

**DEFENDANTS**
Eagle Transport Services, Inc.

(b) County of Residence of First Listed Plaintiff: Baltimore County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Olmstead
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
James A. Wescoe, Weber Gallagher, 2000 Market Street, Ste. 1300, Philadelphia, PA 19103, 267-765-4123

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 U.S.C. § 14706

Brief description of cause:
Carmack Amendment strict liability applied to interstate carrier for hire

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $146,778.41

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

NOV 0 4 2013

DATE: 11/04/2013

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

13    6414

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4555 Hollins Ferry Road, Baltimore, MD 21227

Address of Defendant: 2430 Marion Road SE, Rochester, MN 55904

Place of Accident, Incident or Transaction: Wytheville, Virginia
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☒ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

NOV 04 2013

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                    Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: November 4, 2013    _____    82923
                         Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cowan Systems, LLC | : | CIVIL ACTION |
| v. | : | |
| Eagle Transport Services, Inc. | : | 13  6414<br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| 11/4/13 | James A. Wescoe | Cowan Systems, LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 267-765-4123 | 215-564-7699 | jwescoe@wglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 04 2013

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
By: James A. Wescoe, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
(215) 972-7900
Attorney for Plaintiff

**FILED**

NOV 4 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

---

| | | |
|---|---|---|
| COWAN SYSTEMS, LLC, | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| vs. | : | |
| EAGLE TRANSPORT SERVICES, INC., | : | 13   6414 |
| Defendant | : | |

## COMPLAINT/
## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| LAWYER REFERENCE SERVICE<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-1701 | SERVICIO DE REFERENCIA LEGAL<br>One Reading Center<br>Filadelfia, PA 19107<br>(215) 238-1701 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYVANIA

| COWAN SYSTEMS, LLC, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO.: |
| vs. | : | |
| EAGLE TRANSPORT SERVICES, INC., | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, Cowan Systems, LLC (hereinafter "Cowan"), files this Complaint against the defendant, Eagle Transport Services, Inc. (hereinafter "Eagle Transport"), and in support thereof, states as follows:

### Jurisdiction

1. This Court has original jurisdiction over this matter under provisions 28 U.S.C. § 1311 and 28 U.S.C. § 14706 in that the claims alleged by plaintiff against defendant originate from the transportation of goods in interstate commerce, and the defendant herein is an interstate carrier for hire, regulated in part under 28 U.S.C. § 14706.

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. The matter complained of herein and the liability of plaintiff arises from the interstate carriage of goods and property to or from points in Safford, Arizona to points in Norwich, Connecticut.

## Parties

4. Cowan is a transportation property broker incorporated under the laws of the State of Maryland with its principal place of business in Halethorpe, Maryland.

5. Eagle Transport is a corporation incorporated under the laws of the State of Minnesota with its principal place of business in Rochester, Minnesota.

## Venue

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(3) and 49 U.S.C. § 14706(d)(1) because defendant is a delivering carrier that operates through this judicial district.

## Factual Allegations

7. Cowan is a transportation property broker authorized by US DOT Number 548880 (MC-271882) to arrange for the transportation of goods in interstate commerce.

8. Eagle Transport is a motor carrier authorized to transport goods in interstate and intrastate commerce under US DOT Number 587147 (MC-283784).

9. On or about January 25, 2011, Cowan and Eagle Transport entered into a Transportation Broker Agreement, wherein Cowan agreed to offer goods for shipment, and Eagle Transport agreed to transport said shipments, pursuant to the provisions set forth therein. *See* copy of Transportation Broker Agreement, attached hereto as Exhibit "1."

10. On or about July 25, 2012, Cowan contacted Eagle Transport to arrange for the transportation of seven bundles of copper cathode between Safford, Arizona and Norwich, Connecticut, pursuant to its broker authority.

11. The load, comprised of seven individual bundles, amounted to 42,830 pounds of copper cathode to be shipped by Freeport-McMoRan Corp (hereinafter, "Freeport").

12. On or about July 25, 2012, Eagle Transport picked up the subject cargo at the origin dock in Safford, Arizona.

13. The subject cargo was in good order, condition and count at the time of tender to Eagle Transport.

14. On July 28, 2012, the Eagle Transport tractor trailer transporting the subject cargo made an unscheduled stop at a trucking plaza in Wytheville, Virginia.

15. During the stop, Eagle Transport's driver left the tractor trailer unattended, running, and unlocked.

16. While unattended, running and unlocked, Eagle Transport's tractor trailer and the subject cargo therein were stolen by unidentified individuals.

17. The value of the stolen cargo totaled $144,551.25.

18. Freeport filed a claim for loss and damage with Cowan, pursuant to the Agreement for Motor Transportation between Freeport and Cowan in effect at all times material hereto.

19. Cowan paid Freeport $146,778.41 for the loss in accordance with the Agreement for Motor Transportation.

20. Cowan demanded indemnification from Eagle Transport for its payment to Freeport, in accordance with, and pursuant to, the Transportation Broker Agreement.

21. Eagle Transport was required to pay $146,778.41 for the loss of cargo described herein.

22. Eagle Transport, as the carrier over whose route or line the subject loss occurred, is liable for payment of the $146,778.41 to plaintiff, plus attorney's fees and costs, in accordance with the Transportation Broker Agreement.

23. Plaintiff has demanded payment of the $146,778.41 from defendant, but defendant has refused to pay.

## Count I
## Negligence

24. Plaintiff incorporates the above paragraphs as if set forth herein.

25. On July 28, 2012, the theft was caused by the negligence and/or carelessness of the defendant, its agents, servants and employees and included but was not limited to the following:

   (a) Failing to ensure the cargo was properly secured;

   (b) Failing to inspect the cargo during transport to ensure it was properly secured;

   (c) Failing to properly guard the cargo against theft;

   (d) Failing to comply with the applicable state rules regarding the transportation of cargo and operation of a vehicle;

   (e) Failing to comply with the applicable FMCS regulations relating to the safe operation of a tractor trailer;

   (f) Any and all other negligent, careless and reckless actions.

26. As a result of the negligence of the defendant, its agents, servants and/or employees, plaintiff was forced to pay for the loss of the subject cargo, in the amount of $146,778.41.

27. Defendant, by its acts and omissions, is liable to plaintiff for the aforesaid damages, plus attorney's fees and costs.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amount of $146,778.41, plus interest, costs and reasonable attorney's fees.

## Count II
## Carmack Amendment

28. Plaintiff incorporates the above paragraphs as if set forth herein.

29. At all times relevant, plaintiff Cowan was and is now engaged in the business of brokering the transportation of good in interstate and intrastate commerce.

30. At all times relevant, defendant was and is now engaged in the business of transporting goods in interstate and intrastate commerce.

31. Defendant is liable to plaintiff pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amount of $146,778.41, plus interest, costs and reasonable attorney's fees.

## Count III
## Breach of Contract

32. Plaintiff incorporates the above paragraphs as if set forth herein.

33. On or about January 25, 2011, Cowan and Eagle Transport entered into a Transportation Broker Agreement, wherein Cowan agreed to offer goods for shipment, and Eagle Transport agreed to transport said shipments, pursuant to the provisions set forth therein. *See* copy of Transportation Broker Agreement, attached hereto as Exhibit "1."

34. Section 9 of the Transportation Broker Agreement provides:

> Carrier agrees to defend, indemnify and hold harmless Broker, and its agents and employees, and their insurers, from and against any and all claims, actions, and demands of every nature or kind, on account of injury to or death of persons, or damage to or loss of cargo or other property, caused by, or alleged to have been caused by, or resulting in any manner from any acts or omissions, negligent or otherwise, of Carrier, its agents or employees, in performing or failing to perform any of the services, duties or operations required to be performed by Carrier pursuant to this Agreement, except such claims which are due to Broker's negligent or intentional acts or omissions.

35. Section 9 of the Transportation Broker Agreement further provides:

> Carrier further agrees to indemnify and hold harmless Broker, and its agents and employees, and their insurers, from and against any and all claims, by any Customer or other person or entity, premised upon Broker's selection of the Carrier to transport any Shipment.

36. Section 9 of the Transportation Broker Agreement concludes:

> In the event Broker engages legal counsel to enforce any of its rights pursuant to this Agreement, Carrier agrees to reimburse Broker for all such attorney fees and costs.

37. Defendant has thus far refused and/or failed to pay Cowan for damages sustained as a result of the subject cargo loss.

38. Under the terms of the Transportation Broker Agreement, defendant is obligated to remit to Cowan $146,778.41, plus attorney's fees and costs as a result of the subject cargo loss.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amount of $146,778.41, plus interest, costs and reasonable attorney's fees.

### Count IV
### Indemnification

39. Plaintiff incorporates the above paragraphs as if set forth at length herein.

40. Plaintiff has paid Freeport $146,778.41 for the subject cargo loss in accordance with the contract between the parties.

41. Plaintiff has demanded indemnification from defendant for the monies paid by plaintiff to Freeport as a result of defendant's negligence and/or breach of duties under Carmack, 49 U.S.C. § 14706.

42. Plaintiff is entitled to indemnification from defendant in accordance with the contract between the parties, and defendant's refusal to indemnify plaintiff for the claim is wrongful and in breach of the contract.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amount of $146,778.41, plus interest, costs and reasonable attorney's fees.

> WEBER GALLAGHER SIMPSON
> STAPLETON FIRES AND NEWBY, LLP
>
> By: _____
> James A. Wescoe, Esquire
> Attorney for Plaintiff

Dated: November 4, 2013

# EXHIBIT "1"

## BROKER-MOTOR CARRIER AGREEMENT

This Agreement dated 25 JANUARY, 2011 shall govern the services provided by EAGLE TRANSPORT SERVICES INC, MC# 263 984 a licensed motor carrier (hereinafter referred to as Carrier) and COWAN SYSTEMS, LLC (hereinafter referred to as Broker), a licensed property broker pursuant to Docket No. MC-271882-B.

1.  Broker is an agent authorized by its customers to negotiate and arrange for transportation of their shipments in interstate commerce.

2.  Carrier is a licensed common/contract carrier. All transportation services provided by Carrier pursuant to this Agreement shall be the responsibility of Carrier, and shall be provided, at Carrier's expense, pursuant to Carrier's operating authority. Carrier shall be solely responsible for all aspects of the performance of such services, including but not limited to the drivers and equipment utilized to perform any such services. Carrier assumes responsibility for compliance with any applicable state or federal law or regulation. Carrier shall provide all services and equipment necessary to competently and lawfully transport interstate shipments arranged by Broker pursuant to carrier load confirmation sheet(s) included herewith or subsequently agreed to by the parties. Upon accepting tendered load from broker, Carrier will not broker, interline, co-broker, assign or trip lease loads with another party. Failure to comply will result in non-payment of freight charges. Broker may be liable to a Customer, pursuant to certain provisions of applicable law, for failure to comply with its contracts with such Customers. If, for any reason, Carrier is unable to deliver any Shipment in accordance with the applicable Confirmation and/or terms of the applicable bill of lading, Carrier shall so notify Broker immediately. If Carrier violates this Agreement in such a manner as to fail to complete transportation of any Shipment, abandons a Shipment, or otherwise subjects Broker to potential liabilities, Carrier agrees that Broker shall have the right to make alternative arrangements for the delivery of such Shipment. Carrier waives any recourse against Broker for any such action, and agrees to reimburse Broker for any cost and expenses arising out of the completion of any such Shipment, and to pay Broker any damages for which Broker may be liable to Customer arising out of such violation of contract by Carrier, including reasonable attorneys' fees.

3.  Carrier must submit original proof of delivery and Broker's rate confirmation with Invoices to Broker as agent for the shipper in an amount equal to the rates and accessorial charges agreed to on the Broker's rate confirmation sheet or other signed writing. Payment terms shall be thirty (30) days from receipt. Invoices not submitted within 180 days of the ship date specified on the applicable bill of lading are waived. Carrier waives any lien that it might have on any Shipment. Accordingly, Carrier shall not withhold any portion of any Shipment on account of any disputes as to rates or any alleged failure of Broker to pay compensation due under this Agreement. If, notwithstanding this waiver, Carrier, or anyone purporting to act on its behalf or as its successor in interest or assignee, should attempt to assert any such lien, Carrier or such other party shall reimburse Broker or Customer for all related costs, including reasonable attorneys' fees, in obtaining release of any such lien. Payment of Carrier's invoice by Broker shall constitute assignment by Carrier to Broker of all of Carrier's rights to collect freight charges due for any shipment transported by Carrier hereunder.

4.  Carrier agrees to allow 2 free hours at origin, destination, and any intermediate stops before detention charges commence. Broker must be notified prior to any detention beginning and upon the end of the 2 free hours that carrier is still at location before any charges commence. Accessorial charges must be preapproved in writing by Broker on a revised rate confirmation. Written revised rate confirmation showing accessorial charges must accompany invoice and proof of delivery in order for payment to be made.

5.  Carrier warrants to Broker (and its Customers) that it meets the following criteria: (a) Carrier shall maintain all risk cargo insurance in the amount of not less than $100,000.00 per shipment; (b) Carrier shall maintain public liability insurance in the amount of not less than $1,000,000 as required by federal regulation (BMC-91 on file); (c) Carrier shall maintain workers compensation insurance as required by state law; (d) Carrier shall provide certificates of insurance upon request from insurance carriers having an A.M.Best Financial Strength rating of A- or better; and (e) Carrier is a federally licensed authorized for hire interstate motor carrier of general freight, does not have either a "conditional" or "unsatisfactory" safety rating, does not have any SafeStat Safety Evaluation Area score (DRSEA, VHSEA and SMSEA) above 75 and is otherwise authorized to provide the proposed services.

6.  Carrier shall be liable to Customer, or to Broker as Customer's agent for any loss, damage or delay of a Shipment received by Carrier. Carrier's liability shall begin at the time the Shipment is loaded on Carrier's equipment, and shall continue until such Shipment is delivered to the designated consignee. Carrier's liability shall be for the full value of the Shipment, less the salvage value as determined by Broker. Full value, as used herein, shall be understood to mean the market value of lost or damaged merchandise at the point and time at which the Shipment was scheduled to be delivered by Carrier. All claims for loss, damage or delay shall be processed by Carrier in accordance with the provisions of the Carmack Amendment (49 U.S.C. §14706) and the regulations promulgated there under (49 C.F.R. Part 370), or any successor provision thereto.

Initials: ___

JAN-22-2011(SAT) 13:16    EAGLE TRANSPORT INC.           (FAX)507 282 6579          P. 009/009
Rc Date/Time     JAN-22-2011(SAT) 13:03                                              P. 009
                 2011/01/25 14:03:20          3  /3

7. Carrier shall be named on all bills of lading for any shipment transported pursuant hereto as the carrier of record. Broker shall be identified only as the agent of the Shipper to whom invoices are sent for processing. Carrier shall not issue or accept any bill of lading naming Broker as carrier thereon. In the event of conflict between the terms of this agreement and any other document, this agreement shall control the rights and obligations of the parties. Carrier indemnifies and holds Broker harmless from any loss, cost or expense, including attorneys' fees and costs of defense arising or resulting from any breach of this agreement.

8. During the term of this Agreement and for one year thereafter, Carrier agrees not to back solicit any customer of Broker for any freight business first tendered to Carrier by Broker, either directly or indirectly. Carrier agrees to pay liquidated damages in the amount of 100% of all revenue received by Carrier as a result of any breach of this agreement.

9. Carrier agrees to defend, indemnify and hold harmless Broker, and its agents and employees, and their insurers, from and against any and all claims, actions, and demands of every nature or kind, on account of injury to or death of persons, or damage to or loss of cargo or other property, caused by, or alleged to have been caused by, or resulting in any manner from any acts or omissions, negligent or otherwise, of Carrier, its agents or employees, in performing or failing to perform any of the services, duties or operations required to be performed by Carrier pursuant to this Agreement, except such claims which are due to Broker's negligent or intentional acts or omissions. Carrier further agrees to indemnify and hold harmless Broker, and its agents and employees, and their insurers, from and against any and all claims, by any Customer or other person or entity, premised upon Broker's selection of Carrier to transport any Shipment. In the event Broker engages legal counsel to enforce any of its rights pursuant to this Agreement, Carrier agrees to reimburse Broker for all such attorney fees and costs.

10. The following shall apply to all transportation services supplied hereunder: (a) Each shipment shall be evidenced by a Standard Truckload bill of lading; (b) Claims may be filed by Broker or Shipper with Carrier; (c) Broker's customer is third party beneficiary of this Agreement; (d) Carrier shall look solely to Broker for payment and shall not make any demand upon Customer, and (e) Any cargo claim or other claim against Carrier may be deducted from any compensation owed to Carrier. In the event Carrier & Broker dispute any claim, the claim shall be settled under the Alternative Dispute Resolution Rules for Arbitration established by the Transportation Lawyers Association, with the costs of filing Arbitration to be divided evenly between both parties.

11. This Agreement is intended by the Parties to create an independent contractor relationship and not an employer-employee relationship. Neither Carrier nor Carrier's employees are to be considered employees of Broker at any time, under any circumstances, or for any purpose whatsoever. Carrier shall determine the means and methods of the performance of all services undertaken by Carrier pursuant to this Agreement. Carrier shall be solely responsible for the direction and control of its employees, including selecting, hiring, firing, supervising, directing, training, setting and payment of wages to, deducting all required taxes and withholdings from, establishing hours and working conditions for, and paying and adjusting the grievances of, its employees. Neither Party to this Agreement is the agent of the other and neither Party shall have the right to bind the other by contract or otherwise except as provided for in this Agreement. Carrier and Broker hereby waive any rights or remedies available to either under 49 U.S.C. Subtitle IV, Part B, to the extent that they are inconsistent with any provision of this Agreement or any Rate Confirmation (as defined in Paragraph 6 herein).

12. This written Agreement, together with any load confirmation, contains the entire agreement between the parties and may only be modified by signed written agreement. Maryland law (without regard to the provisions thereof regarding conflicts of law) shall apply and jurisdiction and venue shall be proper in any state or federal court in the state of Maryland.

13. This Agreement shall continue for 1 year and shall be automatically renewed unless canceled. Either party may terminate this Agreement upon 15 days written notice.

Cowan Systems, LLC                           Carrier: _EAGLE TRANSPORT SERVICES INC._

By: _[signature]_                            By: _[signature]_
Name and title: Kristin Morgan               Name and title: _Thom Sheridan_
                Admin Mngr
Date: 1/25/11                                Date: _25 January 2011_

---
Page 2